IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PLATEAU DATA SERVICES, LLC and ZETA INTERACTIVE, formerly known as XL MARKETING CORP., | § § § § | No. 83, 2018 |
| Defendants Below-Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. N15C-03-096 |
| ADCHEMY, INC., | § § | |
| Plaintiff Below-Appellee. | § § § | |

Submitted: February 16, 2018
Decided: March 2, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

This 2nd day of March 2018, upon consideration of the notice of interlocutory appeal, it appears that:

(1)     The defendants below, Plateau Data Services, LLC and Zeta Interactive (collectively, "Plateau"), have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a memorandum opinion of the Superior Court dated December 19, 2017 ("the Memorandum Opinion"). The Memorandum Opinion granted plaintiff Adchemy, Inc's motion *in limine* to preclude Plateau from presenting evidence at trial relating to consequential or opportunity cost damages or the loss of anticipated or future business profits. The Superior Court concluded that

all of Plateau's counterclaims, in substance, alleged breaches of representations and warranties and that, under the clear terms of the parties' agreement, indemnification was the exclusive remedy. Plateau filed a motion for reargument, which the Superior Court denied on January 18, 2018.

(2) Plateau filed an application for certification in the Superior Court to take an interlocutory appeal of the Memorandum Opinion on January 29, 2018. Plateau argued that its application met the criteria of Rule 42 because the Memorandum Opinion decided a substantial issue of material importance. Plateau also argued that the Memorandum Opinion reversed the Superior Court's earlier ruling that it would not consider untimely motions for summary judgment disguised as motions *in limine*. Plateau also argued that interlocutory review may substantially reduce the litigation and otherwise serve considerations of justice. Adchemy filed its response in opposition on February 6, 2018.

(3) The Superior Court denied the certification application on February 14, 2018. In denying certification, the Superior Court acknowledged that the Memorandum Opinion decided a substantial issue of material importance. The Superior Court also noted that the motion *in limine* was partially dispositive and thus untimely under the court's prior ruling. But, the Superior Court rejected Plateau's contention that the Memorandum Opinion "reversed or set aside a prior decision of the trial court" under Rule 42(b)(iii)(E) because the legal issue presented—the

2

contract interpretation regarding available damages—was not contrary to any of the court's prior decisions. The Superior Court noted that it had discretion to address the substance of the untimely motion before trial in the interests of judicial economy and to enable the parties to efficiently prepare for trial. The Superior Court concluded that certification was not warranted because interlocutory review would not substantially reduce further litigation or otherwise serve considerations of justice.

(4) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[1] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[2]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] Del. Supr. Ct. R. 42(b)(ii)

[2] *Id*. 42(b)(iii).